CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

OCT 0 8 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ADELSON MICHEL, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:08-cv-00533 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| RAYMOND A CONTABILE, | ) | |
| KATHLEEN HWANG, | ) | By: Hon. Glen E. Conrad |
|     Defendant. | ) | United States District Judge |

Plaintiff Adelson Michel, a federal inmate proceeding pro se, brings this civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested pursuant to 28 U.S.C. § 1331.[1] In his complaint, Michel alleges that while he was in the custody of the United States Marshals Service ("USMS") in the Virginia Ambulatory Surgery Center ("the Center"), in Charlottesville, Virginia, the defendant doctors performed negligent surgery on his groin area on June 29, 2007, leaving him with many painful aftereffects. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a constitutional claim upon which relief may be granted.[2]

## I. Background

---

[1] The plaintiff styles his complaint as Michel Adelson v. Raymond A. Contabile, et. al., but he signs his name as Adelson Michel. As the Bureau of Prisons website records this inmate's name as Adelson Michel, Reg. No. 12130-084, the court will substitute that name in the style of his civil case to match that official record.

[2] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

1

Michel alleges the following sequence of facts from which his claims arise. While Michel was being held in the Central Virginia Regional Jail ("the jail"), another inmate assaulted him. Shortly after the assault, he began to complain to the USMS that he was having serious pain in his groin and penis when he began to urinate or when he was sitting or standing. On June 29, 2007, USMS personnel transported Michel to the Center, where he was diagnosed as having a "Left Hydrocele" as a result of the assault. The defendant doctors then performed surgery on his groin area. Since the procedure, Michel alleges that he has had "daily pain" every time he urinates, sits or stands. He asserts that the defendants are "vicariously liable" because they were negligent in evaluating, testing, diagnosing, and treating his condition. He believes that he will be obliged to undergo additional surgery on his groin area because of defendants' alleged negligence. He seeks monetary damages in the amount of $50,000 in compensatory damages and $50,000 in punitive damages, plus costs and fees.

## II. Discussion

In Bivens, the Supreme Court held that damage suits could be maintained against federal officials for violations of the Constitution. 403 U.S. at 392; Carlson v. Green, 446 U.S. 14, 24-25 (1980) (applying Bivens to constitutional claims against federal prison officials). A Bivens claim is analogous to a claim under 42 U.S.C. § 1983, and case law involving § 1983 claims is generally applicable in Bivens actions and vice versa. See Farmer v. Brennan, 511 U.S. 825, 839-840 (1994)

2

(in a Bivens action, applying Eighth Amendment standard regarding prisoner medical treatment as applied in § 1983 action, Estelle v. Gamble, 429 U.S. 97 (1976)).[3]

To prove that medical treatment he received while a prisoner amounted to a violation of the Eighth Amendment prohibition against cruel and unusual punishment, an inmate must show that personnel to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-105 (1976) (convicted felon); Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992)(pretrial detainee). Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Id. at 105-106. First, the prisoner must demonstrate a medical need serious enough to give rise to a constitutional claim. Such a need involves a condition that places the inmate at substantial risk of serious harm, usually loss of life or permanent disability; a condition for which lack of treatment perpetuates severe pain also presents a serious medical need. Farmer v. Brennan, 511 U.S. 825

---

[3]Michel brings his claim under Bivens, because he believes that the private doctors he sues were hired by the USMS, a federal agency. Arguably, however, while Michel was housed at the local jail, jail officials (and not the USMS) were responsible for transporting him to an outside medical facility if a medical emergency arose and contracting with doctors there to provide treatment. A private doctor who is knowingly hired by state officials to treat a state-held inmate, whether under contract or not, acts under color of state law so as to be subject to suit under § 1983. See West v. Atkins, 487 U.S. 42, 54 (1988); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994) (finding it state action to treat prisoner housed in state-run facility even where physician had no contract with state and provided care outside prison). By analogy, in a Bivens action, when a private doctor contracts with federal officers to fulfill the federal government's obligation to provide a prisoner with adequate medical treatment, that doctor acts under federal law so as to be subject to suit under Bivens. See Bellecourt v. United States, 784 F. Supp. 623, 628-29 (D. Minn. 1992). But cf. Holly v. Scott, 434 F.3d 287, 296-97 (4th Cir. Jan. 12, 2006) (finding that Bivens does not provide federal inmates a cause of action against employees of a private corporation operating a prison for violations of constitutional rights). Because the court herein finds that Michel's allegations do not support any constitutional claim regarding the challenged medical treatment, the court need not determine whether his action is a § 1983 case or a Bivens case; it must be summarily dismissed under either analysis, pursuant to § 1915A(b)(1), for failure to state a claim.

3

(1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978). Second, plaintiff must show that the official was aware of facts from which he could draw an inference that a substantial risk of harm existed, that he drew or must have drawn that inference, and that he disregarded the risk. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Upon review of Michel's complaint, the court finds that his allegations do not present any circumstance in which governmental officials acted with deliberate indifference to his serious medical needs. When he complained of pain in his groin, officials transported him to a medical facility, and the defendants performed surgery. Nothing in Michel's allegations suggests that these defendants knew his condition required some different course of medical treatment and failed to provide it. At the most, he is alleging that these defendant doctors either performed the surgery improperly or performed a surgery not designed to address his specific condition. These allegations of negligence or medical malpractice do not support a claim for deliberate indifference as required to present a constitutional claim regarding his medical treatment. Therefore, the court will dismiss all federal constitutional claims against the defendants, pursuant to § 1915A(b)(1).

To the extent that Michel's allegations may give rise to some medical malpractice claim under state law, such a claim is not independently actionable under § 1983. See, e.g., Albright v. Oliver, 510 U.S. 266, 271 (1994) (noting that § 1983 intended to vindicate federal rights). As the court herein dismisses all federal claims, it declines to exercise supplemental jurisdiction over any state law claim Michel may have. See 28 U.S.C. § 1367(c). Any such claims are also dismissed without prejudice. An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of

4

the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 3rd day of October, 2008.

/s/ Glen Conrad
United States District Judge

Case 7:08-cv-00533-GEC-mfu   Document 4   Filed 10/08/08   Page 5 of 5   Pageid#: 18